UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON TAYLOR #161123,

        Plaintiff,                                    Hon. Janet T. Neff

v.                                                      Case No. 1:17-cv-1084

DAVID KIMMEL,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 36). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action **terminated**.

## BACKGROUND

Plaintiff initiated this action on November 13, 2017, against Corrections Officer David Kimmel. The following allegations are contained in Plaintiff's complaint. (ECF No. 1). On May 30, 2017, Plaintiff was questioned by David Kimmel, his prison work supervisor. Kimmel indicated that one of Plaintiff's co-workers had stolen something. Plaintiff stated that he had no knowledge of the matter, to which Kimmel responded, "everyone is mainly involved, and shit roll down hill." Plaintiff again declared his innocence and informed Kimmel that he would "take this up with his supervisor and file a grievance." On May 31, 2017, Plaintiff filed a grievance after which he informed Kimmel that he had done so. Later that day, Kimmel charged Plaintiff with theft and terminated him from his prison job. The theft charge against Plaintiff was subsequently dismissed

on procedural grounds. Plaintiff initiated the present action alleging that Kimmel charged him with theft in retaliation for filing a grievance. Defendant Kimmel now moves for summary judgment.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-

2

moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

As noted above, summary judgment is appropriate where a plaintiff fails to come forward with any evidence in response to a motion for summary judgment. While Plaintiff has responded to Defendant's motion for summary judgment, (ECF No. 38, 40), Plaintiff's responses neither include nor reference any admissible evidence. Furthermore, while a properly verified

complaint has the same force and effect as a properly executed affidavit in response to a motion for summary judgment, Plaintiff's complaint is not properly verified.

As is well recognized, "only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Rogers v. Lilly*, 292 Fed. Appx. 423, 428 n.3 (6th Cir., Aug. 22, 2008) (quoting *Smoot v. United Transp. Union*, 246 F.3d 633, 649 (6th Cir. 2001)). A properly executed affidavit certainly constitutes admissible evidence. *See* Fed. R. Civ. P. 56(c)(4). A properly verified complaint likewise constitutes admissible evidence in response to a motion for summary judgment. *See Meeks v. Schofield*, 625 Fed. Appx. 697, 701 (6th Cir., June 2, 2015). However, to be considered on par with an affidavit, a verified complaint must substantially comply with 28 U.S.C. § 1746(2) which requires the individual to state, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct."

However, where a purported verification conflates statements made on personal knowledge with those made on information and belief, the verification fails to constitute admissible evidence. *See, e.g., Tenneco Automotive Operating Co., Inc. v. Kingdom Auto Parts*, 410 Fed. Appx. 841, 848 (6th Cir., Oct. 28, 2010). The rationale for this conclusion is straightforward. To be considered admissible evidence, an affidavit must be based upon personal knowledge rather than information and belief. *See Tenneco*, 410 Fed. Appx. at 847-48. For a complaint to be considered the equal of an affidavit, the verification must convey that the factual assertions therein are based upon personal knowledge, or at least distinguish between those allegations made on personal knowledge and those made upon information and belief. *See Tenneco*, 410 Fed. Appx. at 848.

This is where Plaintiff's purported verification falls short. Specifically, Plaintiff's verification states, in relevant part, that, "I have read the allegations in this Complaint and believe they are true and correct except for those based upon information and belief, and believe them to be true

4

also." (ECF No. 1 at PageID.6).  Plaintiff's complaint fails, however, to distinguish between the allegations made on personal knowledge and those made on information and belief.  Accordingly, the Court finds that Plaintiff's complaint is not properly verified and, therefore, does not constitute admissible evidence in opposition to Defendant's motion for summary judgment.  Because Plaintiff has failed to come forward with any admissible evidence in support of his claims, the undersigned recommends that Defendant's motion for summary judgment be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (ECF No. 36), be **granted** and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                   Respectfully submitted,

Dated: January 7, 2019                /s/ Ellen S. Carmody
                                          ELLEN S. CARMODY
                                          United States Magistrate Judge