UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON TAYLOR,

    Plaintiff,

v.

D. KIMMEL,

    Defendant.
_____/

Case No. 1:17-cv-1084

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving alleged retaliation by Defendant Kimmel, a department of corrections employee, against Plaintiff inmate Taylor. Defendant filed a motion for summary judgment, arguing that Plaintiff failed to establish his retaliation claim. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) in favor of summary judgment. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation and Plaintiff's appeal of a Magistrate Judge's order denying Plaintiff's motion to compel discovery (ECF No. 49).

I. Plaintiff's Objections

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections.

Plaintiff first argues that the Magistrate Judge erred "by dismissing" this action after "determining that [Plaintiff's] Complaint was defective because it was not properly verified" (Pl.

Obj., ECF No. 49 at PageID.222). Plaintiff misunderstands the basis for the Magistrate Judge's consideration of Plaintiff's purported verification of his Complaint (*see* ECF No. 1 at PageID.6), which was to determine whether the Complaint constituted admissible evidence in response to Defendant's motion for summary judgment (*see* R&R, ECF No. 48 at PageID.215-216), not whether Plaintiff's Complaint was subject to dismissal based on the pleadings. As Plaintiff himself points out, the Magistrate Judge did not dismiss the action at the initial, "screening" stage (Pl. Obj., ECF No. 49 at PageID.225). Instead, the Magistrate Judge recommended summary judgment based on the defense's motion. *See* FED. R. CIV. P. 56.

Thus, Plaintiff's arguments based on the pleadings are not pertinent, e.g., that he is entitled to amend pleadings in the face of a defect (ECF No. 49 at PageID.222-223), that Defendant had fair notice of Plaintiff's claims (*id.*), and that the R&R contradicts the case management order's finding of no basis for dismissal (*id.* at PageID.225). Plaintiff's objection based on arguments related to the pleadings is denied.

Plaintiff further objects to the Magistrate Judge's conclusion that Plaintiff lacks admissible evidence supporting his claim. Here, the Magistrate Judge correctly placed the burden on Plaintiff to come forward with evidence in response to Defendant's motion for summary judgment (R&R, ECF No. 48 at PageID.215). Plaintiff asserts that he "attached evidence," i.e., the grievance he filed against Defendant demonstrating Defendant fabricated a false theft report in retaliation for Plaintiff engaging in protected conduct. Plaintiff also references as attached, a misconduct report, a hearing report, a work assignment evaluation, and a witness affidavit from Stacey Bowers (Pl. Obj., ECF No. 49 at PageID.226). However, Plaintiff provides no record cites for these documents, and they were not submitted in response to the motion for summary judgment (ECF Nos. 38, 40). Thus, the Magistrate Judge did not err in failing to consider them. Plaintiff instead submitted these

after the Report and Recommendation, in conjunction with his Objections (*see* ECF No. 50). Regardless, even considering these documents in the light most favorable to Plaintiff, they fail to provide a sufficient evidentiary basis to support Plaintiff's claim of retaliation against Defendant. And although Plaintiff relies on his own sworn statement and allegations in the Complaint, as the Magistrate Judge concluded, such do not constitute admissible evidence establishing retaliation. This objection is denied.

## II. Plaintiff's Appeal

Plaintiff appeals the Magistrate Judge's January 4, 2019 order (ECF No. 46) denying Plaintiff's motion to compel discovery (ECF No. 42). This Court will reverse an order of the Magistrate Judge only where it is shown that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a). "'A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Here, the record is consistent with the timeline recited in Magistrate Judge's order denying Plaintiff's motion (ECF No. 46). The case management order of March 12, 2018 (ECF No. 12) required discovery to be completed within 120 days. That deadline was later extended to September 4, 2018 by an order of the Magistrate Judge granting Plaintiff's motion to extend discovery (ECF No. 32).

Plaintiff's motion to compel was filed December 11, 2018 (ECF No. 42). The Magistrate Judge denied the motion as untimely without good cause having been argued or established (ECF No. 46).

Plaintiff asserts that his December 11 motion was not "late," but Plaintiff offers no facts that contradict the Magistrate Judge's timeline (ECF No. 49 PageID.227).  Rather, Plaintiff argues the importance of discovery in the litigation process and points to the particular difficulties prisoners face in conducting discovery (*id.*).  While this Court is not unsympathetic to those difficulties in certain cases, no specific difficulties are implicated here.  Nor does the Court find any basis for the appointment of counsel as Plaintiff requests.  Plaintiff has failed to show that the Magistrate Judge's denial of his motion to compel was clearly erroneous.

Accordingly, this Court denies Plaintiff's objections and appeal and adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections and Plaintiff's appeal (ECF No. 49) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 48) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 36) is GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  September 5, 2019

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge